**CLARKE v. UNITED STATES.**

**No. 7392.**

United States District Court
E. D. Missouri, E. D.

Dec. 6, 1951.

Jack Garden and Milton Keiner, St. Louis, Mo., for plaintiff.

Drake Watson, U. S. Atty., Marvin C. Hopper, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HARPER, District Judge.

Plaintiff, the wife of Owen J. Clarke, Jr., deceased, brings this action under Section 19 of World War Veterans Relief Act, as amended, 38 U.S.C.A. § 445.

Owen J. Clarke, Jr., enlisted in the Marine Corps in February, 1942, and while a member of the Marine Corps obtained a policy of National Service Life Insurance for $10,000, the plaintiff being the beneficiary. Clarke paid premiums by allotment through June, 1942, but the policy lapsed for non-payment of premiums on July 1, 1942. On May 29, 1942, Clarke had received an undesirable discharge from the Marines.

Beginning in 1943, Clarke received treatment for various ailments, starting with stomach trouble and progressing through lung trouble, liver trouble, pneumonia, cirrhosis of the liver, chronic alcoholism and pulmonary tuberculosis, from several doctors, both civilian and military, and in civilian and Veterans' hospitals.

On December 29, 1944, Clarke made application to the Veterans Administration for pension or compensation for a service connected disability, but his application was denied for the reason that his disabilities were not service connected. On June 5, 1945, he applied for a non-service connected disability to the Veterans Administration, giving his "C" or claim number. He received approval of this pension on November 8, 1945, for permanent and total disability in the amount of $50 per month. He later made an application for a training or education course, again giving his "C" number. He later gave a change of address notice to the Veterans Administration, and pursuant to this his claims file, which did not include his insurance papers, was forwarded from place to place until it reached a Veterans Administration branch office in Denver, Colorado, on or about October 1, 1946.

On July 25, 1946, Clarke applied for reinstatement of his National Service Life Insurance policy and accompanied said application for reinstatement with a remittance of two months' premiums in the amount of $14.40. The application, which was signed by Clarke, contained a series of questions which he answered, the pertinent ones with which we are concerned here being as follows:

"1. Are you now in as good health as you were on the due date of the first premium in default? (Answer 'yes' or 'no'.) Yes

"2. Have you been ill, or suffered or contracted any disease, injury or infirmity, or been prevented by reason of ill health from attending your usual occupation, or consulted a physician, surgeon or other practitioner for medical advice or treatment at home, hospital or elsewhere, in regard to your health, since lapse of this insurance? (Answer 'yes' or 'no'.) No (If 'yes', give all dates and full particulars, including the name and address of practitioner and attach to this application a certificate of the practitioner or head of the hospital where treated, with diagnosis, prognosis, and treatment if available.)

"3. Have you ever applied for disability compensation, retirement pay, or pension? (Answer 'yes' or 'no'.) No (If 'yes', give Claim No. C-.)"

Clarke made one other premium payment, which was also acknowledged by the Veterans Administration, before he died on September 24, 1946, of pyo-pneumo thorax and tuberculosis. Plaintiff filed claim with the Veterans Administration for payment of the insurance proceeds, which claim was denied.

The defendant's contention that the insurance policy was not in force and effect at the date of the death of the veteran, Owen J. Clarke, Jr., is without merit. The issue involved in this case is whether certain alleged misrepresentations and concealments made by the insured in his application for reinstatement were a fraud on the defendant so as to constitute a legal defense to the payment of the policy of insurance which was reinstated prior to the insured's death in accordance with the rules and regulations then existing. It is undisputed that the answers to the questions which have been set out above were false. It is further undisputed that the Veterans Administration had knowledge that such answers were false, but the information was in sections of the Veterans Administration other than the section which handled National Service Life Insurance.

The Circuit Courts of Appeal are in disagreement as to whether or not under the facts in this case fraud is a defense or whether it was waived by the defendant. The most recent case on this question is United States v. Kelley, 136 F.2d 823, a 9th Circuit Court of Appeals decision. In the Kelley case, the facts were such that the questions involved were ones requiring a decision to be made by the jury as to whether or not the representations were actually false, and the jury held that they were not, but the court in passing on the case went on to say that where information was in other sections of the Veterans Administration with respect to an individual that the Veterans Administration's knowledge thereof was actual. If this rule were applied to the instant case it would amount to a waiver of the physical condition of the deceased at the time he applied for reinstatement of the insurance policy.

The 5th Circuit Court of Appeals in Jones v. United States, 106 F.2d 888, held to the contrary, holding that contents of files in the Veterans Administration touching other matters are not imputable to the United States as a matter of law. The 7th Circuit Court of Appeals in Halverson v. United States, 121 F.2d 420, held similarly to the Jones case, and said, loc. cit. 422: "* * * although it was known to the Compensation Division of the Administration at all times after December, 1932, that Halverson was not in fact in good health at the time of the reinstatement of his policy, and had consulted physicians to ascertain the cause of the condition of which he complained, that fact may not be used to estop the Insurance · Division from cancelling the policy."

This court believes that the Jones and Halverson cases (as opposed to the dictum in the Kelley case) correctly state the law with respect to the facts in the instant case. Under Section 802(w) of 38 U.S. C.A., fraud practiced in obtaining reinstatement of a lapsed National Life Insurance policy is a defense to the payment of the policy. The policy in question was secured by the deceased as a result of

false and fraudulent answers made to the questions on his application for reinstatement pertaining to his health. The court accordingly finds in favor of the defendant.

Attorneys for the defendant will prepare the Findings of Fact, Conclusions of Law and Judgment to be entered.